**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MICHAEL SHIRLEY, a/k/a Winston
Freeman,
            *Defendant-Appellant.*

No. 02-4876

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-69)

Submitted: December 29, 2003

Decided: February 17, 2004

Before WILKINS, Chief Judge, and LUTTIG and
WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In 1999, Michael Shirley was convicted of conspiracy to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (2000) (Count One), and illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) (2000) (Count Two). The district court initially sentenced Shirley to life in prison on Count One and a concurrent 240 months in prison on Count Two. On appeal, this court determined that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it was plain error for the court to sentence Shirley to life in prison under 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2003). We affirmed Shirley's convictions and remanded for resentencing.

On remand, the district court sentenced Shirley to 318 months in prison on Count One and a concurrent twenty-four months in prison on Count Two. Shirley appeals, alleging that the district court erred by denying him a reduction in his offense level for acceptance of responsibility and in determining the drug quantity attributable to him as relevant conduct.

Shirley contends that the district court erred in refusing to grant him a sentence reduction for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001). We review for clear error a district court's factual finding that a defendant has not accepted responsibility for his criminal conduct. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). Because the sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," the guidelines specifically provide that the court's determination "is entitled to great deference on review." USSG § 3E1.1, cmt. n.5.

One factor the court must consider is whether the defendant "truthfully admit(s) the conduct comprising the offenses of conviction."

USSG § 3E1.1, cmt. n.1(a). The commentary further states that "this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, cmt. n.2.

Shirley would not admit the conduct that comprised the elements of the offense in Count One at the guilty plea hearing, resulting in rejection of his guilty plea and requiring the court to order a trial and the government to prove its case at trial. Furthermore, he continued to deny his participation in a conspiracy with his codefendants as late as his second sentencing hearing and expressed remorse for the first time at his second sentencing hearing. Under these circumstances, we conclude that the district court did not clearly err in refusing to grant a reduction for acceptance of responsibility.

Shirley also argues that the district court erred when it determined the drug quantity attributable to him as relevant conduct, because he claims that the court made no findings about the scope of his agreement with his codefendants or the reasonable foreseeability of their actions. The district court's determination of the drug quantity attributable to a defendant is a factual finding that we review for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). In determining drug quantity, a district court must consider whether the government established the amount by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). "A defendant convicted of conspiracy should be sentenced not only on the basis of *his* conduct, but also on the basis of conduct of coconspirators in furtherance of the conspiracy that was known to the defendant or reasonably foreseeable to him." *United States v. Williams*, 986 F.2d 86, 90 (4th Cir. 1993) (emphasis in original).

At the sentencing hearing, the district court expressly found that the quantity of drugs attributed to Shirley was within the scope of the agreement and was reasonably foreseeable to him. We find that the district court did not clearly err in its determination.

For these reasons, Shirley's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*